```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION

COLONY INSURANCE COMPANY,         *

        Plaintiff                 *

vs.                               *
                                         CASE NO. 3:04-CV-73 (CDL)
CORROSION CONTROL, INC., CRAIG    *
K. MEIER, DEBORAH L. MEIER, AND
and CORRPRO COMPANIES, INC.       *

        Defendants                *
```

O R D E R

The Court presently has pending before it Plaintiff's Motion for Summary Judgment and Defendants' Motions for Summary Judgment. As discussed below, Plaintiff's Motion is denied, and Defendants' Motions are granted.

FACTUAL BACKGROUND

In this declaratory judgment action, Colony Insurance Company ("Colony") alleges that it has no duty to defend Defendants Deborah Meier, Craig Meier and Corrosion Control, Inc. ("the Meier Defendants") in a lawsuit filed against them by Corrpro Companies, Inc. ("Corrpro") for, *inter alia*, misappropriation of Corrpro's style of doing business, advertising ideas, trade secrets, trade name abbreviation and confidential information; disparagement of Corrpro's products and services; and infringement of Corrpro's trademarks and trade name. That action, *Corrpro Companies, Inc. v. Meier et al.*, 3:03-CV-31 (CDL) ("the underlying action"), is currently stayed pending the outcome of this declaratory judgment action.

Colony takes the position that the only possible coverage for the claims asserted in the underlying action would exist under the "advertising injury" provisions of the policy. However, Colony maintains that the allegations contained in Plaintiff's complaint and the undisputed facts of record establish that all of Plaintiff's advertising injury claims arise from conduct that occurred prior to the effective date of the Colony policy and are not covered because they did not arise during the policy period. In the alternative, Colony maintains that even if the injury occurred during the policy period, the source of the injury was first published prior to the effective date of the policy, and thus coverage is excluded under the "first publication exclusion" contained in the Colony policy.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties agree that there is no genuine issue of material fact in this case. The construction of an insurance contract, including the question whether an insurer has a duty to defend and indemnify its insured, is a question of law. *See Elan Pharm. Research Corp. v. Employers Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998) (applying Georgia law). Therefore, summary adjudication is appropriate in this case.

## DISCUSSION

The Colony insurance policy issued to Corrosion Control, Inc. provides that Colony will defend its insured against any suit seeking damages for "advertising injury" to which the insurance policy applies. (Colony Policy, Ex. I to Pl.'s Statement of Undisputed Material Facts.) Thus, Colony is obligated to defend the underlying action if Corrpro asserted a claim covered by the policy. *See Penn-America Ins. Co. v. Disabled American Veterans, Inc.*, 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997). Under Georgia law, the duty to defend is excused only if the petition unambiguously excludes coverage under the policy. *Id.* In other words, an insurer is only justified in refusing to defend an insured's lawsuit if the complaint against the insured does not assert *any* claims upon which there would be insurance coverage. *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 207, 498 S.E.2d 782, 784 (1998). If the claims against the insured "might potentially or arguably fall within the policy's coverage," the insurer must provide a defense. *Elan Pharm. Research Corp.*, 144 F.3d at 1375 (citing *Penn-America Ins. Co.*, 268 Ga. at 565, 490 S.E.2d at 376). Any doubt as to an insurer's duty to defend "should be resolved in favor of the insured." *Penn-America Ins. Co.*, 268 Ga. at 565, 490 S.E.2d at 376. To determine whether an insurer has a duty to defend its insured, the courts compare the language of the insurance contract with the allegations of the complaint and the facts supporting those allegations. *City of Atlanta*, 231 Ga. App. at 207, 498 S.E.2d at 784; *see also Elan Pharm. Research Corp.*, 144 F.3d at 1375.

The Colony policy insures against liability for an "advertising injury" that occurs during the policy period and in the course of advertising the insured's goods, products or services.  The policy defines "advertising injury" to include disparagement of an organization's goods, products or services; misappropriation of advertising ideas or style of doing business; and infringement of copyright, title or slogan.  The policy excludes from coverage any "advertising injury" that arose "out of oral or written publication of material whose first publication took place before the beginning of the policy period."  So to give rise to a duty to defend, Corrpro's complaint must include at least one claim that potentially constitutes an "advertising injury" *and* is not excluded from coverage under one of the policy's exclusions.  Because the Court finds at least one claim that potentially constitutes an advertising injury and is not excluded from coverage, Colony has a duty to defend the underlying lawsuit.

The parties agree that paragraph 36 of Plaintiff's Complaint alleges facts to support a claim for advertising injury.  That paragraph is as follows:

> Following the Meiers' termination from employment with [Corrpro], [the Meier] Defendants immediately began bidding on projects and otherwise immediately competing with [Corrpro] for projects, using [Corrpro]'s proprietary pricing structures and methods, and other proprietary data, which bids could not have been completed and submitted without [the Meier] Defendants' possession and misappropriation of such proprietary data.

This paragraph arguably alleges an advertising injury under the provisions of the policy that define advertising injury to include misappropriation of advertising ideas or style of doing business.  The

4

question then becomes whether these allegations combined with the undisputed facts in the record establish that these claims are excluded under the first publication exclusion in the Colony policy.

The policy's first publication exclusion states that the insurance does *not* apply to "'advertising injury'. . . [a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period. . . ." The Plaintiff's complaint is silent as to whether the "advertising injury" complained of in paragraph 36 occurred prior to September 22, 1999, the policy's effective date.[1]  Moreover, the parties have presented no evidence to the Court that establishes the date that the conduct alleged in paragraph 36 occurred.[2]  Therefore, the Court cannot conclude that the conduct alleged in paragraph 36 occurred before the beginning of the policy period.  If the conduct did not occur prior to the beginning of the policy period, the first publication exclusion would not apply.  Accordingly, based upon the record presently before the Court, the Court must conclude that coverage arguably exists as

---

[1] The Court acknowledges that paragraph 36 alleges that some of the use of the misappropriated information to solicit customers occurred "immediately" after the Meiers left Corrpro on August 4, 1999.  However, the Court refuses to arbitrarily interpret "immediately" to exclude the commission of any of the conduct alleged in paragraph 36 occurring for the first time after September 22, 1999.

[2] A letter dated August 26,1999 was produced during discovery that could support Corrpro's claims alleged in paragraph 36.  *See* Ex. H to Pl.'s Statement of Undisputed Material Facts.  However, no conclusive evidence has been presented that the letter was ever sent or to whom it was even addressed.  Furthermore, paragraph 36 could be reasonably construed to allege conduct separate and apart—and resulting in a different injury—from the evidence included in the August 26, 1999 letter.

to the claims asserted in paragraph 36 of the underlying complaint, and therefore, Colony has a duty to defend that complaint.

The Court observes that it has reviewed the other claims asserted in Plaintiff's complaint and without definitively deciding the issue, it appears to the Court that all of the other claims that would fall within the advertising injury provisions of the Colony policy would be subject to the first publication exclusion.  The only claim that the Court could conclusively establish is not presently subject to that exclusion is the claim alleged in paragraph 36 of the complaint. The Court notes further that if during discovery in the underlying action, the claims asserted in paragraph 36 are dismissed or evidence is developed establishing that the alleged conduct in paragraph 36 pre-dated the policy period, then coverage and a corresponding duty to defend may not exist under those circumstances.  Those are not the circumstances, however, established by the present record before the Court.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendants' Motions for Summary Judgment, finding that under the present circumstances Colony has a duty to defend the underlying action.  Furthermore, the Court vacates the stay that was previously imposed in the underlying action.

IT IS SO ORDERED, this 10th day of May, 2005.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE